**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **MICHAEL MARTIN, on behalf of** <br> **himself and all others similarly situated,** | : <br> : <br> : <br> :     **Civil Action No. 12-6208 (ES)(SCM)** <br> : |
| **Plaintiff,** | : <br> : <br> : |
| **v.** | : <br> :     **OPINION** <br> : |
| **THE PRUDENTIAL INSURANCE** <br> **COMPANY OF AMERICA, and** <br> **SAIA MOTOR FREIGHT LINE, INC.,** | : <br> : <br> : <br> : |
| **Defendants.** | : <br> : |

**SALAS, District Judge**

## I.   Introduction

This matter comes before the Court on two separately-filed motions to dismiss: (1) Defendant The Prudential Insurance Company of America's ("Prudential") Motion to Dismiss Plaintiff Michael Martin's Class Action Complaint, (D.E. No. 13); and (2) Defendant Saia Motor Freight Line, Inc.'s ("Saia") Motion to Dismiss Plaintiff Michael Martin's Class Action Complaint, (D.E. No. 22). The Court has considered the parties' submissions in support of and in opposition to the instant motion, and decides the matter without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Prudential's motion to dismiss Count One is GRANTED without prejudice, and Prudential and Saia Motor's motions to dismiss are DENIED as to Counts Two and Three.

## II.  Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*

## III.  Factual Background and Procedural History

Plaintiff Michael Martin ("Plaintiff" or "Martin") was employed by Saia.  (Class Action Complaint ("Compl.") ¶ 8, D.E. No. 1).    While employed by Saia, Martin participated in a long-term disability ("LTD") plan (the "Plan").  (*Id.* ¶ 9).  Saia was the Plan sponsor and the Plan administrator, and Prudential served as the claims administrator.  (*Id.* ¶¶ 4-5).

The Plan is funded, in part, by employee contributions directly deducted from Saia employees' paychecks.  (*Id.* ¶ 10).  In calculating Plaintiff's monthly benefits, the Plan awards 60% of his monthly earnings subject to a maximum monthly benefit of $5,000.  (*Id.* ¶ 15; Declaration of Robin H. Rome, Esq. in Support of the Prudential Insurance Company of America's Motion to Dismiss ("Rome Decl."), Ex. B ("Plan") 1, 13, D.E. No. 13).  The Plan defines monthly earnings as follows:

> ***Monthly earnings*** means your basic monthly earnings in effect just prior to your date of disability, averaged over the prior 12 calendar months.  It does not include income received from commissions, bonuses, overtime pay, any other extra compensation, or income received from sources other than your Employer.

(Compl. ¶ 43; Plan 11) (emphasis in original).

Prudential had "sole discretion to interpret the terms of the [Plan], to make findings, and to determine eligibility for benefits."  (Compl. ¶ 40).  If a participant wished to initiate legal action regarding his benefits, the Plan states that the statute of limitations period for such a claim opened "60 days after proof of claim has been given" and closed "up to 3 years from the time

proof of claim is required, unless otherwise provided under federal law." (Plan 30).

As a result of a serious back injury that Plaintiff sustained while working as a line haul driver, Martin stopped working for Saia on or about January 30, 2009. (Compl. ¶¶ 8, 12). Plaintiff applied for benefits under the Plan. (Compl. ¶ 16). On May 27, 2009, Prudential approved Plaintiff's disability claim and awarded Plaintiff a monthly benefit amount of $3,312.50, which Prudential calculated based off of a monthly salary of $5,520.83. (Compl. ¶ 16; Rome Decl., Ex. D ("May 27, 2009 Approval Letter")). Plaintiff alleges, however, that he had earned $76,868.18 in the last full year before he became disabled, representing a monthly earnings amount of $6,405.68 per month. (Compl. ¶ 17). Plaintiff received $3,312.50 per month from Prudential for twenty-four months. (*Id.* ¶ 18).

After twenty-four months, Prudential reevaluated Plaintiff's claim for continued benefits and terminated Plaintiff's benefits because he did not qualify for continued benefits. (Compl. ¶¶ 14, 18; Plan 10). On September 12, 2011, Plaintiff sought reconsideration of his benefits during the initial 24-month period, claiming that he had actually earned $6,405.68 per month in the last full year before he became disabled. (Compl. ¶ 19; Rome Decl., Ex. E ("September 12, 2011 Appeal Letter")). In support of his monthly earning claim, Plaintiff submitted his 2008 W-2. (Compl. ¶ 19).

On November 30, 2011, after reviewing Plaintiff's W-2, Prudential upheld its previous calculation of monthly benefits, stating that it had contacted Saia and Saia "confirmed that Mr. Martin's monthly income was $5,520.83 per month for the period 2008 to 2009." (*Id.* ¶ 20; Rome Decl., Ex. G ("November 30, 2011 Denial Letter")). Prudential explained that the additional earnings reported on Plaintiff's W-2 were overtime pay for that period. (*Id.*). Prudential further noted that the Plan excludes overtime pay from being considered in the

benefits calculation. (*Id.*). Finally, Prudential notified Plaintiff of his right to appeal under Prudential's second-level administrative process, as well as Plaintiff's right to file a lawsuit under ERISA. (November 30, 2011 Denial Letter).

On December 22, 2011, Plaintiff submitted a second-level appeal relating to his monthly LTD benefits. (Compl. ¶ 21; Rome Decl., Ex. H ("December 22, 2011 Appeal Letter")). Plaintiff stated that Prudential's monthly calculation was incorrect because Saia never paid him any overtime. (Compl. ¶ 22; December 22, 2011 Appeal Letter). Plaintiff explained that his monthly benefits should have been calculated based on his W-2 form. (*Id.*).

On January 27, 2012, Prudential once again upheld its original calculation of Plaintiff's monthly benefits. (Compl. ¶ 23; Rome Decl., Ex. I ("January 27, 2012 Denial Letter")). Prudential explained that it contacted Saia a second time to verify any discrepancies between the W-2 form and the monthly benefits awarded under the Plan. (*Id.*). Saia confirmed that Plaintiff's monthly income was $5,520.83 during the period of 2008 to 2009. (*Id.*). Saia also repeated that Plaintiff was paid overtime hours during this period and this overtime pay was reflected on Plaintiff's W-2 form. (*Id.*). In its denial, Prudential reiterated that overtime pay is not included in the monthly benefit payment calculation. (*Id.*). Prudential informed Plaintiff that this decision could not be appealed further within its administrative process, but that Plaintiff may file a lawsuit under ERISA. (January 27, 2012 Denial Letter).

On October 3, 2012, Plaintiff filed a Class Action Complaint under ERISA, alleging three counts: (1) a claim for wrongful denial of benefits against Prudential under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), alleging that Prudential underpaid Plaintiff's LTD benefits ("Count One"), (Compl. ¶¶ 35-61); (2) a claim for breach of fiduciary duty against Prudential and Saia under Section 502(a)(3)(A) of ERISA, 29 U.S.C. § 1132(a)(3)(A), seeking a declaratory

judgment under 28 U.S.C. § 2201 to "declare the proper interpretation of the Plan and to enjoin Defendants' continued misinterpretation of the Plan" ("Count Two"), (*id.* ¶¶ 62); and (3) a claim for breach of fiduciary duty against Prudential and Saia under Section 502(a)(3)(A) of ERISA, 29 U.S.C. § 1132(a)(3)(A), seeking equitable relief to "provide make-whole relief in the form of surcharge and reformation or estoppel" ("Count Three"), (*id.* ¶¶ 70-85).

Defendants' motions to dismiss are now ripe for this Court's adjudication.

## IV. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that a pleader is entitled to relief." The pleading standard announced by Rule 8 does not require detailed factual allegations; however, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). In addition, the plaintiff's short and plain statement of the claim must "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citation omitted).

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual

allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Furthermore, a district court deciding a motion to dismiss generally does not consider material beyond the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). "[When] deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached [thereto], matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2011). "[A]n exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d at 1426 (emphasis in original) (citation omitted & internal quotation marks omitted). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

## V.    Analysis[1]

### A.    Count One:  Section 502(a)(1)(B) Claim for Benefits[2]

#### 1.    Clear Repudiation Rule

Prudential challenges the validity of Plaintiff's claim for benefits pursuant to § 502(a)(1)(B) of ERISA on the basis that the claim is time barred.  The parties agree that the Plan's three-year limitations period applies, (Memorandum of Law in Support of Prudential's Motion to Dismiss ("Prud. Br.") 13-14, D.E. No. 13-1; Plaintiff's Response in Opposition to Defendant Prudential's Motion to Dismiss ("Pl. Prud. Opp.") 5, D.E. No. 24), but disagree as to when that limitation period began to accrue.  Prudential argues that under "the 'clear repudiation' accrual rule endorsed by the Third Circuit," Plaintiff's claim for benefits is time barred and must be dismissed.[3]  (Prud. Br. 15).  Relying on *Miller*, Prudential contends that "a non-fiduciary

---

[1] The Court notes that Plaintiff's Complaint refers to the Plan and benefit determination letters but does not attach any exhibits to the Complaint.  The Court properly considers both the Plan and benefit determination letters because these documents are "integral" to Plaintiff's allegations and "undisputedly authentic."  *See Stallings ex rel. Estate of Stallings v. IBM Corp.*, No. 08-3121, 2009 WL 2905471, at *4 (D.N.J. Sept. 8, 2009); *Pension Benefit Guar. Corp.*, 998 F.2d at 1196 (holding that "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document").

[2] Plaintiff alleges Count One as to Prudential only.

[3] Prudential also argues that, if the Court applies the Plan's accrual language, Plaintiff's claim is time barred because Plaintiff was required to file his claim for benefits by July 29, 2012.  (Prud. Br. 15).  The Plan provides that the lawsuit must be commenced "up to three years from the time proof of claim is required, *unless otherwise provided under federal law*."  (Plan 30 (emphasis added)).  In a footnote, Prudential further submits language in the Summary Plan Description that supports a slightly different analysis but also reaches the same conclusion. (Prud. Br. 16 n.8).  Because "the accrual date for federal claims is governed by federal law, irrespective of the source of the limitations period," this Court will only consider the Third Circuit's clear repudiation rule.  *See Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 520 (3d Cir. 2007) (citing *Romero v. Allstate Corp.*, 404 F.3d 212, 221 (3d Cir. 2005) (stating that "[t]he date of accrual of the ERISA non-fiduciary duty claims asserted is determined as a matter of federal common law.")).

- 7 -

cause of action accrues when a claim for benefits has been denied." (*Id.* 18 (citing 475 F.3d at 520 (quotation marks omitted)). Prudential further explains that the clear repudiation rule "does not require a formal denial of benefits," but rather the repudiation must simply be "clear and made known to the beneficiary." (*Id.* 18-19 (citing *Miller*, 475 F.3d at 520) (quotation marks omitted)).

As such, Prudential argues that, under the clear repudiation rule, Plaintiff's claim for benefits accrued on May 27, 2009 when Plaintiff first learned of the amount of LTD benefits he would be receiving during his initial disability period. (*Id.* 20). Prudential contends that the May 27, 2009 letter was a repudiation of benefits that was clear and known to the beneficiary. (*Id.* 20-21). Accordingly, applying the three-year limitations period, Plaintiff had until May 27, 2012 to file his Complaint. (*Id.* 21-22). Because Plaintiff's Complaint was filed on October 3, 2012, over four months after his limitations period ended, Plaintiff's claim for benefits is time barred.

In response to Prudential's argument relating to the clear repudiation rule, Plaintiff makes two central arguments. First, Plaintiff argues that there was no clear repudiation on May 27, 2009. (Pl. Prud. Opp. 6). Specifically, Plaintiff contends that the May 27, 2009 Approval Letter did not "clearly alert" him of the repudiation because (1) Prudential never informed Plaintiff of his right to appeal the determination; (2) Plaintiff's salary varied from month to month and therefore the May 27, 2009 Approval Letter would not have clearly informed Plaintiff that it was an inaccurate calculation; and (3) the May 27, 2009 Approval Letter did not inform Plaintiff of the methodology used in calculating his monthly benefit. (*Id.* 7-9). Second, Plaintiff asserts that the claim accrued on November 30, 2011, the earliest date that Plaintiff had all the necessary pieces of information and could have discovered that Prudential allegedly miscalculated his

benefits. (*Id.* 9-10). Thus, Plaintiff claims that he first discovered the miscalculation of LTD benefits when Prudential sent him the November 30, 2011 Denial Letter. (*Id.*).

At the outset, the Court will note that, because ERISA does not specify a statute of limitations for non-fiduciary claims brought under § 502(a)(1)(B), courts borrow the limitations period from "the forum state claim most analogous to the ERISA claim at hand." *Miller*, 475 F.3d at 520 n.2 (citation omitted & quotation marks omitted). Here, New Jersey's six-year limitations period for an analogous breach of contract claim governs unless the plan contains a shorter limitations period that is not "manifestly unreasonable." *Klimowicz v. Unum Life Ins. Co. of Am.*, 296 F. App'x 248, 250 (3d Cir. 2008). Because the Plan provides a three-year statute of limitations period and the parties agree that a three-year limitations period applies, this Court finds the time period to be reasonable and now considers when the claim accrued. *See Koert v. GE Group Life Assurance Co.*, 231 F. App'x 117, 120 (3d Cir. 2007) (finding that identical plan language constituted a reasonable contractual limitation period).

Having found that the three-year contractual limitation period is enforceable, the Court must next determine the date on which the limitation period began to run. As previously stated, "the accrual date for federal claims is governed by federal law, irrespective of the source of the limitations period." *Miller*, 475 F.3d at 520 (citation omitted). In ERISA cases, the Third Circuit has adopted the clear repudiation rule to determine when the Plaintiff should have discovered the injury that forms the basis of the claim. *Id.* Under the clear repudiation rule, a "non-fiduciary cause of action[, such as a claim for benefits under § 502(a)(1)(B),] accrues when a claim for benefits has been denied." *Id.* (citation omitted).

Significantly, in *Miller*, the Third Circuit held that "a *formal* denial is not required if there has already been a repudiation of the benefits by the fiduciary which was *clear* and made

known the beneficiary." *Id.* at 520-21 (emphasis in original) (citations omitted). Thus, "some 'event other than a denial of a claim' may trigger the statute of limitations by clearly alerting the plaintiff that his entitlement to benefits has been repudiated." *Id.* at 521 (citation omitted). For example, in *Miller*, the Third Circuit held that an erroneously calculated benefit award constituted a "clear repudiation" even though it was not a formal denial. *Id.* The Circuit explained that "[l]ike a denial, an underpayment is adverse to the beneficiary and therefore repudiates his rights under a plan." *Id.* (citing 29 C.F.R. § 2560.503-1(m)(4) (stating that an adverse benefit determination can include a denial, reduction, or termination)). The Third Circuit also explained that, after exercising "reasonable diligence to ensure the accuracy of his award," the "repudiation by underpayment should ordinarily be made known to the beneficiary" upon receipt of the payment. *Id.* at 521-22.

Based on this view of the clear repudiation rule, the Court finds that the limitation period for Plaintiff's claim for benefits began to run on May 27, 2009, when he first learned the amount of his monthly LTD benefits. (Compl. ¶ 16; May 27, 2009 Approval Letter). Like the Plaintiff in *Miller*, the award letter constitutes a repudiation even though it is not a formal denial, because Plaintiff should have known that his LTD benefits were underpaid. *See* 475 F.3d at 520-21; (Compl. ¶¶ 16-18 (alleging that Prudential approved the monthly benefit amount of $3,312.50 based on Plaintiff's monthly earnings of $5,520.83, but Plaintiff's 2008 income was $76,868.18, representing $6,405.68 in monthly earnings)). Furthermore, the underpayment was made known to the beneficiary upon receipt of the May 27, 2009 Approval Letter, which clearly provided the monthly benefit amount. (Compl. ¶ 16). To be sure, by Plaintiff's own admission, the award letter represented that the monthly earnings amount was $5,520.83, which amount was less than the monthly income Plaintiff claims Prudential should have awarded him based on his 2008 W-2.

(*Id.* ¶¶ 16-18).  Therefore, Plaintiff had "reasonable discovery of actionable harm" on May 27, 2009.  *Miller*, 475 F.3d at 522.

The Court is not persuaded by Plaintiff's argument that the award letter did not constitute a clear repudiation.  First, Prudential was not required to inform Plaintiff of a right to appeal when issuing an award letter.  *See* 29 U.S.C. § 1133 (stating that opportunity for full and fair review is provided when claim for benefits has been *denied*) (emphasis added); 29 C.F.R. § 2560.503-1(f); *see also Klimowicz*, 296 F. App'x at 251 (finding that limitation period accrued when the defendant clearly communicated that the plaintiff's benefits would be terminated after 24 months, even though the plaintiff was not informed of his appeal rights until he received the benefit termination letter 24 months later).  Second, Plaintiff's argument that his salary varied from month to month and therefore he could not have known by reading the May 27, 2009 Approval Letter that his monthly benefit was incorrect is also flawed, because he admits that his 2008 W-2 revealed a monthly benefit amount greater than Prudential's LTD monthly benefit award.  (Compl. ¶ 17).  Third, Plaintiff's argument that the May 27, 2009 Approval Letter did not inform him of the methodology used to calculate his monthly benefit fails because the letter states that the monthly salary used was $5,520.83 and the "scheduled benefit" was 60% of that salary, amounting to $3,312.50.  (May 27, 2009 Approval Letter).  This information coupled with Plaintiff's 2008 W-2 should have reasonably informed Plaintiff that the award amount did not match his 2008 monthly earnings.[4]

---

[4] Plaintiff's argument that his claim accrued on November 30, 2011, when he had all the necessary pieces of information to discover that Prudential miscalculated his benefits, has no merit.  As explained, *Miller* holds that the clear repudiation rule does not require a formal denial of the claim to trigger the statute of limitations, and, here, Plaintiff had sufficient information on May 27, 2009 to know that his benefits were miscalculated.  475 F.3d at 520-21.  Furthermore, relying on Plaintiff's Affidavit in support of his opposition to this motion, as well as statements

Thus, applying the three-year limitations period, Plaintiff had until May 27, 2012 to file his Complaint. Since he filed his Complaint on October 3, 2012, Plaintiff's claim for benefits under § 502(a)(1)(B) is time barred.

## 2. Equitable Considerations

Plaintiff also argues that equitable principles support the November 30, 2011 accrual date. (Pl. Prud. Opp. 10-14).

First, Plaintiff contends that Prudential must not be able to invoke an earlier tolling date during the time that Plaintiff diligently exhausted his administrative remedies. (Pl. Prud. Opp. 10-12). In support of this argument, Plaintiff cites to *Rumpf v. Metropolitan Life Insurance Company*, where the court did not start running a plaintiff's statute of limitations while the plaintiff was internally appealing his initial denial of benefits. No. 09-557, 2010 WL 2902543, at *8 (E.D. Pa. July 23, 2010). Prudential argues that Plaintiff fails to cite any binding authority to support that the May 27, 2009 accrual date must be tolled until Plaintiff has exhausted his administrative remedies. (Prud. Reply 11). The district court in *Rumpf* believed that running the statute of limitations before the plaintiff exhausted her administrative appeals would be "a miscarriage of justice." 2010 WL 2902543, at *8. The *Rumpf* court, however, conceded that

made in Plaintiff's opposition brief, Prudential argues that "Plaintiff suspected that some error had been made in the calculation," and that in May 2009, "Plaintiff began a search for an explanation that would eventually span the course of two years." (Reply Memorandum of Law in Further Support of Defendant Prudential's Motion to Dismiss ("Prud. Reply") 7, D.E. No. 27 (internal quotation marks omitted) (citing Affidavit of Michael Martin 1 & Pl. Prud. Opp. 2)). But, the Court may not consider supplemental factual allegations that are submitted in opposition to a motion to dismiss because such documents do not constitute pleadings under Rule 7(a). *Pennsylvania ex. rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *see also McMahon v. Gen. Dynamics Corp.*, No. 12-4994, 2013 WL 1164850, at *13 (D.N.J. Mar. 30, 2013) (finding that court may not consider supplemental factual allegations made by Plaintiff in a certification). Notwithstanding, the Court finds that Plaintiff had "reasonable discovery of actionable harm." *Miller*, 475 F.3d at 522.

other cases in the Third Circuit do not provide such equitable relief and states that "[c]aselaw within the Third Circuit . . . suggests that the exhaustion of administrative remedies . . . may not likewise be required before such a claim can accrue." *Id.* at *7; *see Klimowicz*, 296 F. App'x at 251 (finding that claim accrued either at the time specified by contractual limitations or at the time the plaintiff was first notified of his benefits, both of which occurred before the plaintiff's appeals); *Grasselino v. First Unum Life Ins. Co.*, No. 08-635, 2008 WL 5416403, at *4-5 (D.N.J. Dec. 22, 2008) (finding that claim accrued either on the date of first denial of benefits or date of later approval of some benefits even though the plaintiff had not exhausted his administrative remedies).

Next, Plaintiff contends that Prudential should be estopped from using May 27, 2009 as the accrual date because Prudential "accepted [Plaintiff's] . . . administrative appeal way beyond the 180-day time limit for filing administrative appeals, which would have expired on November 23, 2009 taking May 27, 2009 as the operative date." (Pl. Prud. Opp. 12). In other words, Prudential itself did not enforce the 180-day period under ERISA to internally appeal a determination. (*Id.*). Prudential argues that its decision about whether to enforce the May 27, 2009 accrual date for the 180-day appeals period has no bearing on the statute of limitations accrual date because these filing times are separate requirements. (Prud. Reply 12). The Court agrees. Plaintiff's attempt to conflate these two ideas has been rejected by the Third Circuit. *See Stafford v. E.I. Dupont de Nemours & Co.*, 27 F. App'x 137, 140 (3d Cir. 2002). The timing for the filing of an administrative appeal under an ERISA plan is separate and distinct from the timing for filing a lawsuit under an ERISA plan. *See id.* (finding that it defies all logic to preclude a defendant from relying on the statute of limitations even though the defendant

allowed a plaintiff to submit new evidence in an attempt to reopen his claim over two years after the statute of limitations had expired).

Finally, Plaintiff argues that, even if the Court adopts the May 27, 2009 accrual date, the evidence supports that the statute of limitations should be equitably tolled during the time Plaintiff was contacting both the employer and claims administrator to obtain more information regarding his benefits calculation. (Pl. Prud. Opp. 13-14). Prudential contends that it could not have misled Plaintiff from discovering the injury because Plaintiff had actual notice of such injury upon receipt of the May 27, 2009 Approval Letter. (Prud. Reply 11-12).

Equitable tolling can suspend the running of the statute of limitations "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *In re Mushroom Transp. Co.*, 382 F.3d 325, 338-39 (3d Cir. 2004) (citation & quotation marks omitted). In order for equitable tolling to apply, the plaintiff must "demonstrate that he or she could not, by the exercise of reasonable diligence, have discovered essential information bearing on his or her claim." *Id.* at 339 (citation & quotation marks omitted). "[B]ecause the question whether a particular party is eligible for equitable tolling generally requires consideration of evidence beyond the pleadings, such tolling is not generally amenable to resolution on a Rule 12(b)(6) motion." *In re Cmty. Bank of N. Va.*, 622 F.3d 275, 301-02 (3d Cir. 2010) (citation omitted).

Here, in support of his claim for equitable tolling, Plaintiff explains that from the summer of 2009 until approximately July 2011, Plaintiff repeatedly called and wrote to Prudential to request information on how his monthly benefits were calculated to no avail. (Pl. Prud. Opp. 2-

3).  Plaintiff also makes a conclusory assertion that "Defendants both actively misled [him] as he attempted to ascertain the basis for what he believed was a mistaken monthly salary calculation." (*Id.* 13).  But, as the Court already explained, Plaintiff cannot amend his pleadings with factual allegations made in his opposition to a motion to dismiss.  *See Pennsylvania ex. rel. Zimmerman*, 836 F.2d at 181.  Further, the Court cannot accept Plaintiff's bald conclusion that Plaintiff was misled without factual allegations in his Complaint to support such a claim.  (Pl. Prud. Opp. 13). This Court, therefore, finds that Plaintiff has not stated a claim for equitable tolling, but will allow Plaintiff to amend his pleadings to plead the applicability of the equitable tolling doctrine. This result is further supported by Plaintiff's claim that he "will [also] show that he meets the last two prongs of the test as well."  (*Id.*).  The Court observes that such factual inquires, if pleaded correctly, will likely not be resolved on a motion to dismiss, but offers no view as to whether Plaintiff will derive ultimate benefit from this doctrine in relation to his claim for benefits.

Accordingly, Prudential's motion to dismiss the first count is granted.  The Court's dismissal is without prejudice, and Plaintiffs shall have forty-five days to file an amended complaint to cure the deficiencies outlined above.

### B.        Counts Two & Three:  Section 502(a)(3) Breach of Fiduciary Duty Claims[5]

---

[5] Plaintiff alleges Counts Two and Three against both Prudential and Saia.  Additionally, Saia argues that Plaintiff's ERISA § 502(a)(3) claim for breach of fiduciary duty is duplicative and impermissible because Plaintiff has pleaded a claim under § 502(a)(1)(B).  (Defendant Saia's Memorandum of Law in Support of its Motion to Dismiss the Complaint ("Saia Br.") 8, D.E. No. 22-1) (relying on *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996) for the proposition that further equitable relief would not be appropriate "where Congress elsewhere provided adequate relief for a beneficiary's injury").  The Court notes that *Varity* does not mandate dismissal of that claim at the motion-to-dismiss stage simply because Plaintiff also brought a § 502(a)(1)(B) claim. *Beye v. Horizon Blue Cross Blue Shield of N.J.*, 568 F. Supp. 2d 556, 574-75 (D.N.J. Aug. 1, 2008) (citing cases).

The Court now considers whether Plaintiff's breach of fiduciary duty claims under § 502(a)(3) are time barred. Defendants argue that a three-year statute of limitations period applies, that Plaintiff had actual knowledge on May 27, 2009 of the purported breach of Defendants' fiduciary obligations, and, therefore, these two counts are also time barred. (Prud. Br. 22-26; Saia Br. 5-7). Plaintiff agrees that a three-year statutory limitations period applies, but claims that he had actual knowledge until November 30, 2011 and therefore his claim is timely. (Pl. Prud. Opp. 14-16; Plaintiff's Response in Opposition to Defendant Saia's Motion to Dismiss ("Pl. Saia Opp.") 5-11, D.E. No. 28).

ERISA provides a specific statute of limitations for breach of fiduciary claims under § 502(a)(3). 29 U.S.C. § 1113 provides:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the *earlier of-*
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) *three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation*;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

*Id.* (emphasis added). Thus, this provision offers a choice of limitations periods, depending on whether "the plaintiff [has] actual knowledge of the breach." *Id.*

The inquiry therefore is whether Plaintiff had "actual knowledge" of the breach or violation. Relying on *Koert v. GE Grp. Life Assurance Co.*, 231 F. App'x 117, 121 (3d Cir.

2007), a non-precedential opinion, Defendants contend that Plaintiff had actual knowledge of his breach of fiduciary claims when he received the May 27, 2009 Approval Letter, which notified him of the monthly benefit amount and the monthly salary on which Defendants based their calculation.  (Prud. Br. 24-25; Saia Br. 6-7).  In contrast, Plaintiff submits that he did not have actual knowledge of all material facts that would constitute the alleged breaches of fiduciary duty on May 27, 2009.  (Pl. Prud. Opp. 14-15; Pl. Saia Opp. 9-10).  In other words, Plaintiff claims that he did not know he had a claim until he received the November 30, 2011 Denial Letter.  (Pl. Prud. Opp. 15; Pl. Saia Opp. 8).

The Third Circuit has held that "actual knowledge . . . requires that a plaintiff have actual knowledge of all material facts necessary to understand that some claim exists."  *Montrose Med. Grp. Participating Sav. Plan v. Bulger*, 243 F.3d 773, 787 (3d Cir. 2001) (quoting *Gluck v. Unisys Corp.*, 960 F.2d 1168, 1177 (3d Cir. 1992)).  The Circuit reasoned in *Gluck* that:

> Of course, *a plaintiff may have constructive knowledge of a breach before he actually knows of the breach, but section 1113 calls for actual knowledge.  Other ERISA limitations periods do not demand as much.*  For example, section 1303 . . . measures a three-year period from "the earliest date on which the corporation acquired or should have acquired actual knowledge of the existence of such cause of action." 29 U.S.C. § 1303(e) (emphasis added); *see also* 29 U.S.C. § 1370(f)(2)(A) (same language). Congress knew how to require constructive knowledge; it required it in sections 1303 and 1370. We do not think that Congress' failure to call for it in section 1113 was accidental.

960 F.2d at 1176 (emphasis added); *see also Montrose,* 243 F.3d at 787 (explaining that other sections of ERISA set a stringent standard for barring claims against fiduciaries).  The Third Circuit further found that the actual knowledge standard "requires a showing that plaintiffs actually knew not only of the events that occurred which constitute the breach or violation *but also that those events supported a claim of breach of fiduciary duty or violation under ERISA.*"

*Montrose*, 243 F.3d at 787 (citation & quotation marks omitted) (emphasis in original); *Koert*, 231 F. App'x at 121 ("[T]he plaintiff must be aware that an actual claim under ERISA exists."). This holding, however, "does not mean that the statute of limitations can never begin to run until a plaintiff first consults with a lawyer." *Gluck*, 960 F.2d at 1177; *see also Koert*, 231 F. App'x at 121 (stating that plaintiff is also not required to "develop a comprehensive understanding of his or her rights under ERISA before the three-year limitations period can begin to run") (citation omitted).

Defendants' reliance on *Koert*, a non-precedential opinion, is misplaced. In *Koert*, the plaintiff brought a suit challenging her insurer's denial of LTD benefits. 231 F. App'x at 118. The Third Circuit affirmed a dismissal of a breach of fiduciary duty claim as time barred. *Id.* at 121. The Circuit found that the plaintiff had actual knowledge of the breach when the plaintiff "was notified that her claim had been denied." *Id.* The Third Circuit explained that "[w]hen a fiduciary makes an outright repudiation of its obligation to pay its beneficiary, as [the fiduciary] did in this case, 'it is reasonable to expect that the statute of limitations began to run at that point.'" *Id.* (citation omitted). The Circuit also observed that the plaintiff had actual knowledge of her ability to file a claim. *Id.*

But, because this Court must interpret the actual knowledge requirement stringently and Plaintiff must have more than constructive knowledge, this Court finds that the facts in *Koert* are distinguishable from this matter. *See Montrose*, 243 F.3d at 787. The plaintiff in *Koert* received a denial of benefits letter, which alerted her that the benefit determination was *adverse* and provided her with notice of her appeal rights. 231 F. App'x at 118. As such, the plaintiff had actual knowledge of all material facts necessary to understand that an actual claim under ERISA existed. *See id.* at 121. In other words, the plaintiff "actually knew not only of the events that

occurred which constitute[d] the breach or violation *but also that those events supported a claim of breach of fiduciary duty or violation under ERISA*." *See Montrose*, 243 F.3d at 787 (emphasis in original).

Here, Plaintiff alleges breaches of fiduciary duty based on the wrongful denial of benefits stemming from an award letter, as well as the failure to provide material information regarding the classification of wages and overtime pay and lack of proper notice of his ERISA rights. (Compl. ¶¶ 48-50, 75-83; May 27, 2009 Approval Letter). Unlike the plaintiff in *Koert* who received a denial letter that provided all material information and her right to appeal, this Court finds that the May 27, 2009 Approval Letter did not provide Plaintiff with actual knowledge of all material facts necessary to understand that an actual claim under ERISA existed. The award letter did not clearly and unequivocally inform Plaintiff that his benefits were reduced. The letter also did not provide Plaintiff with all material information regarding how Prudential calculated the LTD benefits nor did the letter include information on how to appeal the decision. Without this information, the May 27, 2009 Approval Letter only provided Plaintiff with constructive knowledge of the breach.

The Court recognizes that, under the § 502(a)(1)(B) claim, the May 27, 2009 Approval Letter served as a clear repudiation under *Miller*, even though it was not a formal denial. But in a § 502(a)(1)(B) claim, the Court considered whether Plaintiff *should have known* through reasonable diligence that it was a repudiation by underpayment. [6] Under the more stringent, *actual knowledge* standard in breach of fiduciary duty claims, the May 27, 2009 Approval Letter

---

[6] As the Third Circuit explained in *Gluck*, the Court also notes that the standard under the clear repudiation rule is more akin to the ERISA limitations-period statutes that "do not demand as much" and only require constructive knowledge. *See* 960 F.2d at 1176.

that did not provide all material information to make Plaintiff aware that an actual claim under

ERISA existed was not a repudiation under this section of ERISA. To be sure, taking all factual

allegations as true and construing all inferences in Plaintiff's favor, Plaintiff asserts that it was

not until the November 30, 2011 Denial Letter that Prudential denied his LTD benefits and

explained that the overtime pay was not included in the reduced monthly earnings calculation.

(Compl. ¶ 20). That letter also informed Plaintiff that he could appeal this determination.

(November 30, 2011 Denial Letter).[7]

Because Plaintiff did not have actual knowledge of all material information and his right

to pursue an ERISA fiduciary claim until November 30, 2011, and applying the three-year

limitations period, Plaintiff had until November 30, 2014 to file his claims for breach of

fiduciary duty. Since Plaintiff filed his Complaint on October 3, 2012, this Court finds that his

breach of fiduciary duty claims against Defendants are not time barred.[8] Accordingly,

Defendants' motions to dismiss Counts Two and Three are denied.

### VI. Conclusion

For the foregoing reasons, Prudential's motion to dismiss Count One is granted without

prejudice. Plaintiff shall have forty-five days to file an amended complaint to cure the

---

[7] This Court does not suggest that only denial letters—and not award letters—can provide actual knowledge. Under the facts in this case, where the Plaintiff alleges that he did not have all material information from the May 27, 2009 Approval Letter necessary to realize that an ERISA claim exists, and viewing those facts as true in the light most favorable to Plaintiff—as this Court must on a motion to dismiss, the May 27, 2009 Approval Letter did not trigger the statute of limitations period for the breach of fiduciary claims. In other words, this opinion does not foreclose the possibility that award letter can provide a plaintiff with actual knowledge of all material facts necessary to understand that an actual claim under ERISA exists.

[8] Because this Court has found that Plaintiff's claims are not time barred, the Court need not reach Saia's argument that equitable principles should not toll the statute of limitations period under breach of fiduciary duty claims. (Saia Br. 28).

deficiencies noted above as to Count One.  Prudential and Saia's motions to dismiss Counts Two

and Three are denied.   An Order accompanies this Opinion.


*s/Esther Salas*
**Esther Salas, U.S.D.J.**